AMY, J.,
concurring in part and dissenting in part.
hi agree with the majority opinion insofar as it affirms the summary judgment entered on the intentional tort issue. I, therefore, concur in that part of the opinion. However, I respectfully dissent from the majority’s conclusions on the other issues, as I would affirm each of the summary judgments entered by the trial court.
First, I find that the defendants sustained their burden of proof with regard to borrowed employee status since, in my opinion, the parties’ submissions lead only to the conclusion that La.R.S. 23:1031(0 is applicable to this employment situation. Undoubtedly Mr. Hebert was an employee of Industrial Helicopters. However, the evidence demonstrates that one of Industrial’s functions was to provide its fleet and *910 employees to Game Management for the furtherance of the latter company’s operations. Thus, I find that, at the time of the accident, Mr. Hebert was fulfilling the roles of both companies under the borrowed employee factors. See Perry v. Peny & Sons Vault & Grave Serv., 03-1519 (La.App. 3 Cir. 5/12/04), 872 So.2d 611; Green v. Popeye’s, Inc., 619 So.2d 69 (La.App. 3 Cir.1993). In fact, in light of the dual roles played by the management personnel, it seems to me that the factors, by and large, are equally applicable to both companies. Thus, I would affirm this aspect of the trial court’s ruling.
Neither do I find error in the summary judgment entered regarding spoliation of the evidence. In short, the plaintiff produced no evidence indicating that he will |gbe able to prove that the defendant failed to retain the subject harness in order to deprive the plaintiff of its use.
For these reasons, I would affirm the trial court’s ruling in full.